UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BARRY ROSENTHAL,

        Plaintiff,

v.                                          Case No. 5:05-cv-418-Oc-10GRJ

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

Pending before the Court is Defendant's Motion To Dismiss Or In The Alternative Motion For Summary Judgment. (Doc. 5.) Plaintiff has not filed a response and the time to do so has now elapsed.[2] Thus, the motion is now ripe for review. For the reasons discussed below, it is respectfully recommended that Defendant's motion be **GRANTED.**

## **I. PROCEDURAL BACKGROUND**

On July 19, 2005, the Appeals Council denied Plaintiff's request for review of the administrative law judge's decision denying Plaintiff's claim for disability insurance benefits. This action by the Appeals Council rendered the ALJ's decision the final decision of the Commissioner. Plaintiff had sixty days from his receipt of the Appeals

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] On March 22, 2006 the Court entered and served upon all parties a "Summary Judgment Notice" advising that a response as well as supporting evidentiary materials must be filed within 14 days and that the Court would take the matter under advisement after the expiration of the 14 day period of time. (Doc. 6.) Accordingly, Plaintiff's response and any other materials were due on or before April 5, 2006.

Council's notice to request judicial review. A review of the docket discloses that Plaintiff filed his complaint requesting judicial review on October 4, 2005, several weeks past the sixty day limitations period.

## II. DISCUSSION

Defendant contends that Plaintiff failed to file his complaint appealing the decision of the Commissioner within the sixty day time limit established by statute, and that Plaintiff did not request, nor was Plaintiff granted, an extension of time by the Appeals Council in which to file his complaint. In support of this argument, Defendant has provided the Declaration of Patrick Herbst, Chief, Court Case Preparation and Review Branch IV of the Office of Hearings and Appeals, Social Security Administration, who reviewed Plaintiff's file and attested to the procedural background and the dates of the events relevant to this motion.

This motion raises the issue of whether Plaintiff's claim is barred by the sixty day time period under 42 U.S.C. § 405(g) for filing claims for judicial review of decisions of the Commissioner of Social Security. Section 405(g) provides in relevant part that:

> [a]ny individual, after any final decision of the Commissioner . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

Under the regulations, "mailing" is interpreted as the date of receipt by the Plaintiff of the Appeals Council's notice.[3]  The date of receipt is presumed to be within five days of the

---

[3] 20 C.F.R. § 404.981.

date on the notice.[4] The Commissioner has interpreted this provision to mean that while a sixty day statute of limitations is in effect from the date of the Appeals Council's notice, due the unpredictable nature of the mail, a complaint presumptively is timely filed within sixty-five days of the date on the notice.[5] The Supreme Court and the Eleventh Circuit have upheld the sixty day time limitation.[6]

In the instant case, the notice of the final decision of the Appeals Council was dated July 19, 2005. The sixty day statute of limitations for commencing this action, therefore, expired on September 17, 2005. Taking into consideration the additional five days for receipt by the Plaintiff, the last day for the Plaintiff to file his complaint would have been September 22, 2005. Plaintiff filed his complaint on October 4, 2005, well after the statute of limitations had expired.

The Commissioner may toll this statute of limitations in those rare instances "where the equities in favor of tolling the limitation period are so great that deference to the agency's judgment is inappropriate."[7] However, Plaintiff did not request an extension of the sixty day time period, and neither party has presented evidence of extraordinary circumstances which would justify such an extension. Indeed, Plaintiff has not even filed any response contesting the Commissioner's request that the Court dismiss this case because it was filed beyond the sixty day limitations period.

---

[4] 20 C.F.R. §§ 404.901, 422.210(c).

[5] *Id.*

[6] Bowen v. City of New York, 476 U.S. 467(1986); *see also* Stone v. Heckler, 778 F.2d 645, 646-649 (11th Cir. 1985).

[7] City of New York, 476 U.S. at 480.

## III.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion To Dismiss Or In The Alternative Motion For Summary Judgment (Doc. 5) be **GRANTED** and the Clerk directed to enter judgment accordingly and close the file.

**IN CHAMBERS** in Ocala, Florida, on April 17, 2006.

*(signature)*
GARY R. JONES
United States Magistrate Judge

Copies to:
　　The Honorable Wm. Terrell Hodges
　　Senior United States District Judge

　　Counsel of Record